Larry Slade, SBN 212276
**SLADE LAW**
14146 Killion St., Suite 100
Sherman Oaks, CA 91401
Tel: (818) 997-8585
Fax: (818) 475-5323
Email: service@sladelaw.com
Attorneys for Plaintiff,
KEY CODE MEDIA, INC.

**NOTE: CHANGES MADE BY THE COURT**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEY CODE MEDIA, INC., a Delaware corporation,<br>Plaintiff,<br><br>v.<br><br>ALPHA VIDEO AND AUDIO, INC., a Minnesota corporation; and JOHN CONNOLLY, an individual,<br><br>Defendants. | Case No. 2:26-cv-04505-AH (ASx)<br><br>**PROTECTIVE ORDER** |

## I. PURPOSES AND LIMITATIONS

Discovery is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be justified. Therefore, the parties stipulate and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as Section XIII.c., below, states that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

This action involves alleged trade secrets and confidential, sensitive, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is justified. Such confidential and proprietary materials and information consist of confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. To expedite the flow of information, to help with the prompt resolution of disputes over confidentiality of discovery materials and to protect adequately information the parties have the right to keep confidential, to make sure the parties are allowed reasonable necessary uses of such material to

prepare for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for this information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record.

## III. DEFINITIONS

a. **Action**: this pending federal lawsuit.

b. **"CONFIDENTIAL" Discovery Material**: Discovery Material that qualifies for protection under Fed. R. Civ. P. 26(c), and as specified above in the Good Cause Statement.

c. **Designating Party**: a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

d. **Discovery Material**: all items or information, despite the medium or way it is generated, stored, or maintained (including testimony, transcripts, and real things), that are produced or generated in disclosures or responses to discovery in this matter, or otherwise produced or generated in the course of this litigation, including without limitation motions, exhibits, declarations, production documents, electronically stored information, things, answers to interrogatories, responses to requests for admissions, and depositions, as well as testimony adduced at trial or a hearing or any matters in evidence.

e. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who is independent of the Parties and has been retained by a Party or its counsel to serve as an expert witness or as a consultant.

f. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

**Discovery Material:** Discovery Material the disclosure of which to another Party or Non-Party would create a substantial risk of economic or competitive harm to the Producing Party that could not be avoided by less restrictive means.

g. **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

h. **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

i. **Party**: any party to this Action, including all its officers, directors, employees, consultants, and Outside Counsel of Record (and their support staff).

j. **Producing Party**: a Party or Non-Party that produces Discovery Material.

k. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, computer database preparation, document coding, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

l. **Protected Material**: any Discovery Material designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” and any materials of any kind filed under seal pursuant to Civil Local Rule 79-5, regardless whether designated “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY”, including any documents filed under seal prior to the issuance of this protective order.

m. **Receiving Party**: a Party that receives Discovery Material from a Producing Party.

**IV. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party because of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Orders of the trial judge will govern any use of Protected Material at trial. This Order does not govern the use of Protected Material at trial.

**V. DURATION**

After final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is considered the later of (1) dismissal of all claims and defenses, with or without prejudice; and (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing motions or applications for extension of time under applicable law.

~~This Court will retain jurisdiction to enforce this Order after the conclusion of the Action.~~

**VI. DESIGNATING PROTECTED MATERIAL**

a. **Exercise of Restraint and Care in Designating Material for Protection**.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any designation like this to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so other parts of the material, documents, items, or communications for which protection is unjustified are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations shown to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

b. **Manner and Timing of Designations**.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be so designated before the material is revealed or produced.

Designation in conformity with this Order requires:

(i.) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" ("CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("HIGHLY CONFIDENTIAL legend"), to each page that has protected material.

(ii.) A Party or Non-Party that makes original documents available for

inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, the material provided for inspection shall be considered "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or parts of it, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that has Protected Material.

(iii.) for a deposition transcript, the Producing Party shall designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to all counsel of record after service of the final deposition transcript. If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition, such written notice shall be provided to all counsel of record within fourteen (14) days after completion and service of the final transcript. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as provided for in the written notice. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraph 9.3 below for a period of fourteen (14) days after completion and service of the final transcript, except that portions of the transcript may be filed under seal with the Court in connection with these proceedings. Documents or things used as exhibits at a deposition that a party

desires to be subject to this Stipulated Protective Order shall be separately stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The disclosing party will have the right to exclude from attendance at a deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, counsel, the court reporter, the videographer, designated experts, and any person(s) agreed upon by counsel for the disclosing party.

(iv.) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

c. **Inadvertent Failures to Designate**.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. After timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated under this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality (the "Challenging Party") at any time consistent with the Court's Scheduling Order.

b. **Meet and Confer**. The Challenging Party must start the dispute resolution process under Local Rule 37.1 et seq.

c. **Motion Practice.** The burden of persuasion in any challenge proceeding shall remain at all times with the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to

which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

a. **Basic Principles**. A Receiving Party may use Protected Material that is revealed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or trying to settle this Action. Such Protected Material may be revealed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must follow Section XIV below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure way that makes sure access is limited to the people allowed under this Order.

b. **Disclosure of "CONFIDENTIAL" Discovery Material**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Discovery Material designated "CONFIDENTIAL" only to:

(i.) the Receiving Party's Outside Counsel of Record in this Action and other attorneys from Outside Counsel of Record's law firm, as well as employees of the Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(ii.) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(iii.) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv.) the Court and its staff;

(v.) court reporters and their staff;

(vi.) professional jury or trial consultants, mock jurors, and professional

vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii.) the author or recipient of a document containing the information or a custodian or other person who otherwise had or knew the information;

(viii.) during their depositions, witnesses, and attorneys for witnesses to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A; and (2) they may not keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be revealed to anyone except as permitted under this Stipulated Protective Order; and

(ix.) any mediator or settlement officer, and their supporting staff, mutually agreed upon by any party engaged in settlement discussions.

c. **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item (1.) designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", only to:

(i.) the Receiving Party's Outside Counsel of Record in this action and other attorneys from Outside Counsel of Record's law firm, as well as employees of the Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(ii.) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A);

(iii.) the Court and its staff;

(iv.) court reporters, videographers, and their staff;

(v.) professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound;"

(vi.) the author or recipient of a document containing the information or a custodian or other person who otherwise had or knew the information; any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(vii.) Defendant John Connolly, but only with respect to particular "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material that Key Code Media, Inc. has alleged or admitted, in a pleading or discovery response, that Mr. Connolly has previously seen. Before Mr. Connolly's counsel makes any disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to Mr. Connolly, Mr. Connolly's counsel shall provide the Designating Party with written notice identifying the specific material to be disclosed and the basis for the disclosure under this subparagraph. The Designating Party shall have seven (7) days from receipt of the notice to object and seek a protective order preventing the disclosure. No disclosure of the identified material shall be made to Mr. Connolly until after the expiration of during the seven-day waiting period or, if the Designating Party timely objects and seeks a protective order, until the Court rules on the objection.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

a. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(i.) promptly notify in writing the Designating Party. This notification must include a copy of the subpoena or court order;

(ii.) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order. This notification must include a copy of this Stipulated Protective Order; and

(iii.) cooperate regarding all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

b. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will produce no information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order is issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that Court of its confidential material and nothing in these provisions should be construed as allowing or encouraging a Receiving Party to disobey a lawful directive from another Court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a. This Order is applicable to information produced by a Non-Party and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." This information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking more protections.

b. If a valid discovery request requires a Party to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party must:

(i.) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii.) promptly provide the Non-Party with a copy of the Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii.) make the information requested available for inspection by the Non-Party, if requested.

c. If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party may not produce information in its possession or control subject to the confidentiality agreement with the Non-Party before a determination by the Court. Without a court order to the contrary, the Non-Party bears the burden and expense of seeking protection in this Court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not allowed under this Stipulated Protective Order, the Receiving Party must immediately:

(i.) notify in writing the Designating Party of the unauthorized disclosures;

(ii.) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(iii.) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(iv.) ask for such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. Pursuant to Federal Rule of Evidence 502(d), the disclosure of information subject to the attorney-client privilege or work-product protection, whether inadvertent or otherwise, in connection with this litigation is not a waiver of the privilege or protection in this or any other federal or state proceeding.

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). The Parties agree that if a Producing Party inadvertently produces or provides discovery it believes is subject to an applicable privilege, the Producing Party may give written notice to the Receiving Party that the material is subject to a claim of privilege or work product immunity and ask for

the material to be destroyed or returned to the Producing Party. If a Producing Party or Non-Party requests the return, pursuant to this paragraph, of any Discovery Material, the Receiving Party or Parties shall not use or disclose, and shall immediately return to the Producing Party all copies of such Discovery Material or confirm that all copies have been destroyed. Return of the Discovery Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Discovery Material is, in fact, properly subject to a claim of privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an order that such Discovery Material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

The inadvertent or unintentional disclosure by a Party or Non-Party of Discovery Material that it believes should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," regardless of whether it was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Party's or Non-Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Party or Non-Party notifies the Receiving Party as soon as reasonably practicable after discovery of the inadvertent or unintentional failure to designate but in no event more than fourteen (14) days. If a Party or Non-Party inadvertently or unintentionally produces or discloses Protected Material without designating it as such, the Party or Non-Party may give written notice to the Receiving Party or Parties that the Discovery Material is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and should be treated in accordance with the provisions of this Stipulated Protective Order. The Receiving Party or Parties must treat such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," from the date such notice is received. Disclosure of such Discovery Material, prior to receipt of such notice, to persons not authorized to receive Protected Material shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the Protected Material disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must be treated in accordance with this Stipulated Protective Order.

## XIII. MISCELLANEOUS

a. **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek further relief from the Court.

b. **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to revealing or producing any information or item on any ground not discussed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of the material covered by this Protective Order.

c. **Filing Protected Material**. A Party that seeks to file any Protected Material must first seek leave of the court to file the material under seal pursuant to Civil Local Rule 79-5. Protected Material may only be filed under seal under a court order allowing sealing the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

After the final disposition, as defined above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that states all Protected Material was returned or destroyed and affirms that the Receiving Party has retained no copies, abstracts, compilations, summaries, or any other format reproducing or capturing the Protected Material. Notwithstanding this provision, Counsel have the right to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials have Protected Material. Any archival copies like these that have or are Protected Material remain subject to this Stipulated Protective Order as stated in Section V (DURATION).

**XV. VIOLATION**

Any violation of this Order may be punished by any appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Respectfully submitted,

Dated: September 8, 2026

SLADE LAW

By: ______________________

Larry Slade, Esq.
Attorneys for Plaintiff,
KEY CODE MEDIA, INC.

Dated: 9/9/26

WINTHROP & WEINSTINE, P.A.

By: ______________________
Aimée D. Dayhoff
Attorneys for Defendant
ALPHA VIDEO AND AUDIO, INC.

Dated: 9-9-2026

NILAN JOHNSON LEWIS P.A.

By: ______________________
Allison Lange Garrison
Attorneys for Defendant
JOHN CONNOLLY

FOR GOOD CAUSE SHOWN, THE JOINT MOTION FOR STIPULATED PROTECTIVE ORDER IS GRANTED AND IT IS SO ORDERED.

DATED: September 24, 2026

/ s / Sagar
HON. ALKA SAGAR
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, __________________________ [print or type full name], of ____________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Key Code Media, Inc. v. Alpha Video and Audio, Inc. and John Connolly*, Case No. 2:26-cv-04505-AH (ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________ [print or type full name] of ______________________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________

City and State where sworn and signed: _________________________________

Printed name: ________________________________

Signature: ___________________________________